IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
March 23, 2022 08:40 AM
SX-2020-CV-00223
**TAMARA CHARLES
CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| SIWELL INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS,<br><br>PLAINTIFF,<br><br>V.<br><br>NILSA IVALISSE BOUGH AND BLANCHE D. BOUGH AS TRUSTEES OF THE NILSA P. BOUGH REVOCABLE TRUST AND EDEN EAST PROPERTY OWNERS' ASSOCIATION, INC.,<br><br>DEFENDANTS. | Civil No. SX-2020-CV-223<br><br>ACTION FOR DEBT AND FORECLOSURE OF MORTGAGE<br><br>CITE AS: 2022 VI SUPER 32 |

**Appearances:**
**Diana Coada, Esq.**
Rogers Townsend, LLC
Charlotte, North Carolina
St. Thomas, U.S. Virgin Islands
*For Plaintiff Siwell Inc.*

**Earnesta L. Taylor, Esq.**
McChain Hamm St. Jean, LLP
St. Croix, U.S. Virgin Islands
*For Defendant Nilsa Ivalisse Bough
and Defendant Blanche Bough as
Trustees of the Nilsa P. Bough
Revocable Trust*

### MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Plaintiff Siwell Inc. d/b/a Capital Mortgage Services of Texas' (hereinafter "Plaintiff") motion for service by publication for Defendant Eden East Property Owners' Association (hereinafter "Eden East"), filed on March 13, 2022.

### BACKGROUND

¶ 2 On February 10, 2020, Plaintiff filed a complaint against Defendant Nilsa Ivalisse Bough and Defendant Blanche Bough as Trustees of the Nilsa P. Bough Revocable Trust (collectively,

hereinafter "Trustees") and Defendant Eden East in an action for debt and foreclosure of mortgage. In the complaint, Plaintiff alleged, inter alia, (i) the following real property was distributed to Defendants Trustees as trustees of the Nilsa P. Bough Revocable Trust: Plot No. 92 of Estate Catherine's Hope, East End Quarter B, St. Croix, U.S. Virgin Islands (hereinafter "Property"), (ii) the Property is subject to a first priority mortgage in favor of Plaintiff, and (iii) Defendant Eden East "may claim subordinate liens upon or legal interest" in the Property by virtue of several notices of lien it filed and recorded against said real property. (Compl.) Various documents, including notices of liens Defendant Eden East filed and recorded against the Property, were attached as exhibits to the complaint.

¶ 3    Defendant Trustees were served and on April 30, 2020, they filed an answer in response to Plaintiff's complaint.

¶ 4    On May 26, 2020, Plaintiff filed an affidavit of process server Darwin D. Dowling (hereinafter "Dowling") regarding the service of Defendant Eden East. In Dowling's affidavit, he indicated that "[a]fter due search, careful inquiry and diligent attempts was unable to serve on [Defendant Eden East]" and that attempts were made on April 7, 2020, April 14, 2020, April 15, 2020, April 20, 2020, and April 21, 2020.

¶ 5    On October 27, 2021, Robert P. Wood, Esq. of Roger Townsend, LLC, and Diana Coada, Esq. of Rogers Townsend LLC, filed a stipulation for substitution of counsel of record for Plaintiff. According to the stipulation, Diana Coada, Esq. is substituted in as counsel of record for Plaintiff and the substitution "is an intra-firm transfer." (Stip.)

¶ 6    On March 13, 2022, Plaintiff filed this instant motion.

## STANDARD OF REVIEW

¶ 7    Rule 4 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 4") governs summons and service of process. "Unless service is waived, proof of service must be made to the court." V.I. R. Civ. P. 4(m); *see also* Title 5 V.I.C. § 114(a).[1] The "'service of process — unless waived by a general appearance — is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant.'" *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 215 (Super. Ct. March 6, 2019) (quoting *Ross v. Hodge*, 58 V.I. 292, 311 n.22 (V.I. 2013) (quoting *Joseph v. Daily News Pub. Co., Inc.*, 57 V.I. 566, 580 n.4 (V.I. 2012))); *see* V.I. R. Civ. P. 4(l)(i).[2] Rule 4 mandates that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time[; b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." V.I. R. Civ. P. 4(n); *see also Ross*, 58 V.I. at 310 ("In general, actual notice of a law suit is not a substitute for proper service and absent proper service, a case must be dismissed for lack of

---

[1] Title 5 V.I.C. § 114 provides:

§ 114. Proof of service of process
(a) Proof of the service of the summons and complaint or of the deposit thereof in the post office, shall be as follows:

(1) If the service or deposit in the post office is by the marshal or his deputy, the certificate of such officer;
(2) If by any other person, his affidavit thereof;
(3) In case of publication, the affidavit of the publisher or his representative, together with a copy of the publication; or
(4) The written admission of the defendant.

[2] V.I. R. Civ. P. 4 provides:

(l)Territorial Limits of Effective Service.
Serving a summons and complaint -- or filing a waiver of service -- satisfies the obligation of service of process sufficient to establish personal jurisdiction over a defendant:

(1) who is subject to personal jurisdiction in the Superior Court in the Virgin Islands; or
(2) when authorized by statute.

V.I. R. Civ. P. 4(l)(i).

personal jurisdiction over the defendant.") (citation omitted). However, a court must consider whether good cause exists to extend the 120-day period for service before the court may dismiss a complaint against a party for lack of service. *Ross*, 58 V.I. at 310; *see* V.I. R. CIV. P. 4(n). "Even if the court finds that no good cause exists to warrant an extension, the court must at least consider whether any other factors warrant a discretionary extension." *Ross*, 58 V.I. at 310-11.

¶ 8    Rule 4-1 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 4-1") governs service by publication. Rule 4-1 provides that "[w]hen service of the summons and complaint cannot be made as prescribed in Rule 4, and the requirements set forth in 5 V.I.C. § 112(a) for obtaining substituted service by publication are established by affidavit, and the prerequisites stated in that statute are satisfied, the court may grant an order that service be made by publication in accord with the provisions of that statute." V.I. R. CIV. P. 4-1(a). Title 5 V.I.C. § 112(a) provides, in pertinent part, that service by publication is proper "[w]hen service of the summons cannot be made as prescribed in Rule 4 [], and the defendant after due diligence cannot be found within the Virgin Islands." Title 5 V.I.C. § 112(a).

## DISCUSSION

¶ 9    In its memorandum in support of its motion, Plaintiff argued that Plaintiff "has satisfied the legal requirements for service by publication on Defendant Eden East." (Memo., p. 1.) Plaintiff made the following assertions in support of its argument: (i) "In the instant case, the defendant could not be located, and service cannot be made as prescribed by Rule 4." (Id.); (ii) "Plaintiff attempted to serve [Defendant Eden East] at the last known address but could not locate the defendant." (Id.); (iii) "Further, attempts to contact by phone were unsuccessful." (Id.); and (iv) "Plaintiff has searched property records, obituaries, and other on-line databases but despite due diligence, Plaintiff has been unable to obtain the current address or whereabouts of [Defendant

Eden East]." (Id., at pp. 1-2.) A copy of an affidavit of Diana Coada, Esq., counsel of record for Plaintiff, dated February 7, 2022, was attached to motion and memorandum in support thereof.

¶ 10    There are several issues the Court will address along with Plaintiff's motion for service by publication for Defendant Eden East.

### 1. October 27, 2021 Stipulation

¶ 11    The Court will grant the October 27, 2021 stipulation for the intra-firm substitution. Diana Coada, Esq. will be substituted in as counsel of record for Plaintiff.

### 2. Extension of Time for Service

¶ 12    Interestingly, Plaintiff never addressed the issue that over two years have passed since Plaintiff filed its complaint and Defendant Eden East still has not been served. Under Rule 4(n), Defendant Eden East should have been served on or before June 9, 2020, or "the court on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." V.I. R. CIV. P. 4(n). Nevertheless, before the Court dismisses without prejudice the case against Defendant Eden East, the Court will consider whether good cause or any other factors warrant a discretionary extension.

#### a. Standard of Review

¶ 13    "In the context of service of process, courts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the rule." *McKenzie*, 70 V.I. at 216 (quoting *Charles v. Woodley*, 47 V.I. 202, 210 (Super. Ct. 2005) (quotation marks, brackets, and citations omitted)). "In all instances, however, 'it is the plaintiff's burden to show good cause.'" *Id.* (quoting *Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713 (V.I. 2010)). As noted above, "[e]ven if the

court finds that no good cause exists to warrant an extension, the court must at least consider whether any other factors warrant a discretionary extension." *Ross*, 58 V.I. at 310-11; *see also Beachside Assocs., LLC*, 53 V.I. at 717-18 ("In other words, the trial court has discretion as to whether it will ultimately grant or deny a permissive extension under FRCP 4(m) but the court lacks discretion to refuse to at least consider the appropriateness of such an extension."). "[C]ourts must consider a discretionary extension when the statute of limitations bars the filing of a new complaint." *McKenzie*, 70 V.I. at 218 (citing *Beachside Assocs., LLC*, 53 V.I. at 718. Nevertheless, the Court can still "deny a discretionary extension of time even if the statute of limitations would bar a plaintiff from re-filing its claims." *Id.* (citing *Petrucelli*, 46 F.3d at 1306; *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997))).

¶ 14 Regarding the first factor of the good cause analysis—the reasonableness of Plaintiff's efforts to serve—although Plaintiff was diligent in its initial effort to serve Defendant Eden East in April 2020, no further efforts were made until now, almost two years later, when Plaintiff filed a motion for service by publication. Thus, this factor does not support a finding of good cause. Regarding the second factor—the prejudice to Defendant Eden East by lack of timely service—the Court has no information to consider here because Defendant Eden East has not appeared or filed anything in this matter. The Court is left to speculate how the delay would be prejudicial. Thus, this factor is neutral. Regarding the third factor—whether Plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the rule—Plaintiff never moved for an extension of time to serve Defendant Eden East. Thus, this factor does not support a finding of good cause. Having considered all the factors and finding two factors weighing against finding of good cause and one factor neutral, the Court cannot find good cause for Plaintiff's failure to serve Defendant Eden East. *See McKenzie*, 70 V.I. at 218 (quoting *Beachside*

*Assocs., LLC*, 53 V.I. at 713 (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995))) ("[T]he 'absence of prejudice alone can never constitute good cause to excuse late service.' Instead, 'prejudice may tip the good cause scale, [but] the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'") However, the Court's analysis does not end here; the Court must determine if there are other factors that may warrant an extension.

¶ 15    Here, Defendant Eden East, as the holder of "subordinate liens upon or legal interest" in the Property, is required to be made a defendant in this foreclosure action under Title 28 V.I.C. § 532.[3] At this time, in the interest of judicial efficiency, rather than dismiss without prejudice the case against Defendant Eden East and have Plaintiff re-file against Defendant Eden East or moving to join Defendant Eden East as a required party,[4] the Court will grant a discretionary extension of time for Plaintiff to serve Defendant Eden East. Plaintiff is cautioned that further delay in service may result in the dismissal of this case against Defendant Eden East.

### 3. Motion for Service by Publication

¶ 16    Rule 4(h) governs service of a corporation, partnership, or association and Rule 4(h)(3) governs service when service cannot be made as prescribed in Rule 4(h). In its complaint, Plaintiff simply identified Defendant Eden East as "Eden East Property Owners' Association" and did not indicate Defendant Eden East's entity type. However, a review of the notice of lien, recorded on June 27, 2007 and attached to the complaint as Exhibit G, revealed that Defendant Eden East is a corporation—to wit, "Eden East Property Owners' Association, Inc." Rule 4(h)(3) provides that

---

[3] Title 28 V.I.C. § 532 provides that "[a]ny person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action." Title 28 V.I.C. § 532.

[4] Assuming without deciding that re-filing or moving to join are viable options here.

"[i]f legal process against a corporation, limited liability company, partnership, or other association cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon the Lieutenant Governor pursuant to Title 13 of the Virgin Islands Code, which service shall be effective for all purposes of law." V.I. R. CIV. P. 4(h)(3); *see also* Title 13 V.I.C. § 348 ("In case legal process against a corporation cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon the Lieutenant Governor, which service shall be effectual for all purposes of law."). There is no record that Plaintiff attempted to effectuate service upon Defendant Eden East via the Lieutenant Governor. As such, there lacks sufficient evidence that "service of the summons and complaint cannot be made as prescribed in Rule 4, and the requirements set forth in 5 V.I.C. § 112(a)." Accordingly, it is not proper for Defendant Eden East to be served by publication at this juncture and the Court will deny Plaintiff's motion for service by publication for Defendant Eden East. The Court will order Plaintiff to file proof of service advising the Court that Plaintiff has complied with Title 13 V.I.C. § 348 and Defendant Eden East has been served via the Lieutenant Governor.

## 4. Amend Caption

¶ 17    Pursuant to Rule 15-2 of Virgin Islands Rules of Civil Procedure,[5] the Court will amend the caption to reflect Defendant Eden East's entity type.

---

[5] Rule 15-2 of Virgin Islands Rules of Civil Procedure provides that "[t]he court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial." V.I. R. CIV. P. 15-2.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the October 27, 2021 stipulation for substitution of counsel of record for Plaintiff is **GRANTED**. Diana Coada, Esq. shall be and is hereby the counsel of record for Plaintiff.

**ORDERED** that a **DISCRETIONARY EXTENSION** of time for Plaintiff to serve Defendant Eden East is **GRANTED**. The deadline for Plaintiff to serve Defendant and file the proof of service thereto is extended to **April 15, 2022**. It is further:

**ORDERED** that, **on or before April 15, 2022**, Plaintiff shall file proof of service advising the Court that Plaintiff has complied with Title 13 V.I.C. § 348 and that Defendant Eden East has been served via the Lieutenant Governor. Plaintiff is notified that failure to comply may result in the dismissal of this case against Defendant Eden East. It is further:

**ORDERED** that Plaintiff's motion for service by publication for Defendant Eden East, filed on March 13, 2022, is **DENIED. And** it is further:

**ORDERED** that the **CAPTION IS AMENDED** to reflect Defendant "Eden East Property Owners' Association, Inc." in place of Defendant "Eden East Property Owners' Association" and all future filings shall so reflect.

**DONE and so ORDERED this 23rd day of March, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: ___3/23/2022___

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

March 23, 2022 08:42 AM
SX-2020-CV-00223
**TAMARA CHARLES
CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **SIWELL INC. DBA CAPITAL MORTGAGE SERVICES OF TEXAS,** | Case Number: **SX-2020-CV-00223** |
| **Plaintiff** | Action: **Debt And Foreclosure** |
| v. | |
| **NILSA I BOUGH et al,** | |
| **Defendant.** | |

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To:** Diana Coada, Esq.        Earnesta L. Taylor

**Please take notice that on March 23, 2022 a(n) Memorandum Opinion and Order dated March 23, 2022 was/were entered by the Clerk in the above-titled matter.**

**Dated: March 23, 2022**

                           **Tamara Charles**
                           **Clerk of the Court**

By:

                           **Janeen Maranda**
                           **Court Clerk II**